ELLEN J. COXHEAD, Respondent, *v.* ALBERT L. JOHNSON and JAMES M. EDWARDS, Appellants.

APPEAL — PREFERENCE ON CALENDAR. Chapter 355 of the Laws of 1899, which took effect September 1, 1899, and which adds to section 791 of the Code of Civil Procedure a new subdivision, numbered 12, giving a preference in the Court of Appeals to appeals from unanimous judgments of affirmance rendered by the Appellate Division in cases enumerated in subdivision 2 of section 191 of the Code, applies only to appeals which shall thereafter be taken, and not to pending appeals upon the existing calendar.

Reported below, 20 App. Div. 605.

(Submitted October 2, 1899; decided October 10, 1899.)

47

Motion to prefer an appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 19, 1897, modifying and, as modified, unanimously affirming a judgment in favor of plaintiff, entered upon a verdict, and an order denying a motion for a new trial in an action to recover damages for a personal injury.

*Thomas E. Pearsall* for motion.

No one opposed.

Haight, J. The plaintiff asks to have her case advanced and put upon the preferred calendar of the court, pursuant to the provisions of chapter 355 of the Laws of 1899. That act became a law April 18, 1899, but, under its express provision, was not to take effect until September first, 1899. The provisions of the act add a new subdivision, numbered 12, to section 791 of the Code of Civil Procedure, which provides for a preference in civil actions in the Court of Appeals of all appeals from judgments of affirmance rendered by the Appellate Division of the Supreme Court in cases enumerated in subdivision two of section 191 of the Code.

At the time this appeal was taken and the case placed upon the calendar it was not entitled to any preference. If it is now to be moved forward and placed upon the preferred calendar all cases similarly situated, which may be quite numerous, will be entitled to the same preference, practically necessitating the making of a new calendar. As we understand the provisions of the act it was not intended to operate retroactively, but applies to cases in which appeals shall thereafter be taken, and not to pending cases upon the existing calendar.

The motion should be denied, without costs.

All concur.

Motion denied.